UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

UNITED STATES OF AMERICA

         v.

RAUL SANTANA,

                Defendant.

------------------------------------

10-cr-684 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

    Petitioner Raul Santana moves pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence as to Counts Four and Five of the underlying indictment, for which he was adjudicated guilty of using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(C)(i). (ECF No. 144.) For the reasons that follow, the Court determines that Santana's section 2255 motion is a second successive motion and dismisses it as meritless. In addition, the Court construes the part of his motion which seeks a sentence reduction due to the amendment to the "stacking" provisions of section 924(c) pursuant to the First Step Act of 2018 as a motion for compassionate release under 18 U.S.C. § 3582(c). The Court appoints counsel to assist him with this motion.

I. **BACKGROUND**

    On March 1, 2011, Raul Santana was convicted after trial of (a) one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); (b) two counts of substantive Hobbs Act robbery, also in violation of 18 U.S.C. § 1951 (Counts Two and Three); and (c) two counts of using, carrying, or possessing a firearm that was brandished during and in relation to the Hobbs Act robberies, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(C)(i) (Counts Four and Five). The underlying conduct involved armed robberies by Santana and others on March 20 and 25, 2010 of an individual who sold marijuana and untaxed cigarettes. Santana was subsequently sentenced by this Court to a term of incarceration of 32 years and 1 day. (*See* Sept. 5, 2012 Transcript of Sentencing at 6; Judgment dated Sept. 5, 2012, ECF No. 88.)

    Santana filed a direct appeal from the judgment of conviction on the grounds that (1) there was insufficient evidence to establish that he possessed a firearm, or aided and abetted the possession of a firearm by his coconspirator, in support of his conviction on Count Four; (2) this Court's jury instruction regarding the jurisdictional element of the Hobbs Act was erroneous; and (3) this Court applied the law incorrectly regarding his conviction on Count Four and the enhancement for brandishing a firearm in light of

*Alleyne v. United States*, 570 U.S. 99 (2013). On January 29, 2014, the Second Circuit affirmed Santana's conviction on all counts. *United States v. Santana*, 552 F. App'x 87 (2d Cir. 2014).

Approximately two and a half years later, Santana filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (the "2016 Motion"). (ECF No. 110.) While the 2016 Motion was pending, Santana requested a stay of its resolution until the Second Circuit decided *United States v. Barrett*, No. 14-2641 (2d Cir.), and until the Second Circuit's decision in *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016) became final. (ECF No. 119.) This Court granted the requested stay on June 5, 2017 (ECF No. 120). While the stay was in effect, Santana moved before the Second Circuit for leave to file a successive 28 U.S.C. § 2255 motion. On February 17, 2021, the Second Circuit denied Santana's motion as unnecessary and ordered that the previously imposed stay be lifted, transferring Santana's motion for leave to file a successive section 2255 motion to this Court for further proceedings. (ECF No. 127.) This Court lifted the stay on Santana's 2016 Motion on March 23, 2021 (ECF No. 128), but on October 22, 2021, Santana voluntarily withdrew the 2016 Motion "in the entirety." (ECF No. 132.) Both Santana and his attorney signed the voluntary withdrawal and the Court "so ordered" the Notice of Voluntary Dismissal by Santana.

Currently before the Court is a subsequent section 2255 motion, which Santana filed *pro se* on July 5, 2023. (ECF No. 144.) Santana presents two arguments in support of his motion: (1) Section 924(c) is unconstitutionally vague, and conspiracy to commit Hobbs Act Robbery is not a crime of violence in light of *United States v. Davis*, 588 U.S. 445 (2019) and *United States v. Taylor*, 596 U.S. 845 (2022); and (2) Santana's sentence should be reduced in light of the First Step Act of 2018, which amended section 924(c)'s "sentence stacking" requirement for multiple convictions under section 924(c) in a single prosecution.

For the reasons that follow, Santana's first argument constitutes a "second or successive" section 2255 motion, which in the ordinary course would be transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). However, because his section 2255 petition is "wholly without merit," it is dismissed and there is no need to transfer it to the Second Circuit. *See United States v. Guang Ju Lin*, No. 09-CR-746, 2020 WL 3819347, at *2 (S.D.N.Y. July 8, 2020). The Court independently considers Santana's argument that his sentence should be reduced in light of the First Step Act's amendment to section 924(c), which it construes as a motion for a sentence reduction for extraordinary and compelling circumstances under 18 U.S.C. § 3582(c). The Court also appoints counsel to assist Santana in formulating that motion for compassionate release.

## II. THE PRESENT SECTION 2255 MOTION IS A SECOND OR SUCCESSIVE PETITION.

Section 2255 provides that a petitioner "may move the court which imposed the [petitioner's] sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Relief under section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). To bring a "second or successive" motion under section 2255, a petitioner must receive authorization from the U.S. Court of Appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). "[W]hen a second or successive . . . § 2255 motion is filed in a district court without the authorization by [the Court of Appeals] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to [the Court of Appeals] in the interest of justice." *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

"For a petition to be second or successive, it must at a minimum be filed subsequent to the conclusion of a proceeding that 'counts' as the first." *Thai v. United States*, 391 F.3d 491, 494 (2d Cir. 2004) (citation and internal quotation marks omitted). This would typically require that the first petition be adjudicated on the merits or dismissed with prejudice. *Id*. Nevertheless, a voluntarily withdrawn petition may still qualify as the first petition where "the circumstances surrounding withdrawal clearly and objectively indicate that the petitioner knows his or her motion is meritless." *Id*. at 495.

The "circumstances surrounding withdrawal" that courts in this Circuit have considered include the timing of a defendant's withdrawal and whether a defendant had legal representation. For example, in *McPherson v. United States*, the district court found that the defendant's withdrawal satisfied the standard in *Thai* because the defendant, while represented by counsel, withdrew his section 2255 motion approximately five months after a U.S. Supreme Court decision foreclosed the arguments in his petition. No. 19-CV-11036, 2020 WL 2765914, at *3–4 (S.D.N.Y. May 28, 2020). The court highlighted that representation by counsel is "a key factor when attempting to understand a petitioner's reasoning for withdrawal." *Id*. at *4. Similarly, the court in *Stevenson v. United States* found the *Thai* standard satisfied where the defendant withdrew his section 2255 petition, while represented by counsel, three weeks after the Supreme Court rejected the premise on which his petition was based. No. 13-CR-0049, 2017 WL 3699309, at *2 (W.D.N.Y. Aug. 28, 2017).

Here, the circumstances surrounding Santana's withdrawal of the 2016 Motion objectively indicate his knowledge that the petition was meritless. First, Santana was represented by an Assistant Federal Defender in this district who signed the withdrawal notice along with Santana. (ECF No. 132.) Second, the timing of Santana's

3

withdrawal indicates his knowledge that the petition was meritless. The 2016 Motion alleged that, following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 942(c), and as such, Santana's conviction under that section should be invalidated. (ECF No. 110 at 4.) However, this argument was foreclosed by the Second Circuit's decision in *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018), which squarely held that Hobbs Act robbery *is* a crime of violence under 18 U.S.C. § 924(c)(3)(A). *Hill*, 890 F.3d at 53. At the time *Hill* became final, a stay was still imposed on the 2016 Motion, but Santana voluntarily withdrew the 2016 Motion seven months after that stay was lifted in 2021. As in *Stevenson*, the "bare-bones nature of Petitioner's notice" of voluntary withdrawal—which does not provide any reason for the withdrawal—does not outweigh the other objective indications that Santana knew his petition was meritless. *Stevenson*, 2017 WL 3699309, at *2. Accordingly, the Court concludes that the 2016 Motion qualifies as Santana's first section 2255 petition, and the motion currently before the Court is a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b).

### III. Santana's Section 924(c) Argument Is Wholly Without Merit.

In the ordinary course, the Court would transfer this second or successive section 2255 motion to the Second Circuit if doing so would serve the interests of justice. *See Liriano*, 95 F.3d at 123. However, transfer is not required if the motion is wholly without merit. *See Lin*, 2020 WL 3819347, at *2; *Acosta v. United States*, 197 F. Supp. 3d 553, 556 (S.D.N.Y. 2016); *Avendano v. United States*, No. 02-CR-1059, 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014). Rather, "the court should instead dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out." *Avendano*, 2014 WL 7236036, at *2.

Santana contends that his two section 924(c) convictions should be vacated because conspiracy to commit Hobbs Act robbery is not a crime of violence in light of *United States v. Davis*, 588 U.S. 445 (2019) and *United States v. Taylor*, 596 U.S. 845 (2022), which involve the "residual clause" and "elements clause" of section 924(c) respectively. In *Davis,* the Supreme Court held that the "residual clause" of section 924(c), which defined a "crime of violence" as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," was unconstitutionally vague. *Davis*, 588 U.S. at 470. In *Taylor*, the Court held that an attempt to commit Hobbs Act robbery does not qualify as a crime of violence under the "elements clause" of section 924(c), which defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *Taylor*, 596 U.S. at 852.

4

Neither holding affects Santana's section 924(c) convictions. Those convictions involved the carrying and use of a firearm in relation to his underlying convictions of substantive Hobbs Act robbery, not his conviction for conspiracy to commit Hobbs Act robbery.[1] The Second Circuit has held that substantive Hobbs Act robbery constitutes a crime of violence for purposes of section 924(c)(3)(A), *Hill*, 890 F.3d at 60, and the Circuit's decisions following *Davis* and *Taylor* reaffirm that holding. *See Pannell v. United States*, 115 F.4th 154, 158 (2d Cir. 2024); *United States v. McCoy*, 58 F.4th 72 (2d Cir.), *cert. denied*, 144 S. Ct. 115 (2023), *and cert. denied sub nom. Nix v. United States*, 144 S. Ct. 116 (2023); *Mendez v. United States*, No. 21-1536, 2022 WL 17684586, at *2 (2d Cir. Dec. 15, 2022) (summary order), *cert. denied*, 143 S. Ct. 2684 (2023) (explaining that even in light of *Davis*, "Hobbs Act robbery itself remains a valid predicate crime of violence for convictions under § 924(c)"); *United States v. Barrett*, 937 F.3d 126, 128 (2d Cir. 2019), *abrogated on other grounds by Lora v. United States*, 599 U.S. 453 (2023) ("The predicate offense for each of these crimes is substantive Hobbs Act robbery, which can be identified as a crime of violence under § 924(c)(3)(A) applying the traditional, elements only, categorical approach not at issue in *Davis*."). Santana's argument that his section 924(c) convictions are unlawful after *Davis* and *Taylor* is therefore "wholly without merit," and the Court declines to transfer his section 2255 petition to the Second Circuit and instead dismisses it in the interest of judicial economy. *See Castellano v. United States*, 967 F. Supp. 2d 768, 770–71 (S.D.N.Y. 2013).

### IV. THE COURT WILL APPOINT COUNSEL TO ADDRESS SANTANA'S FIRST STEP ACT ARGUMENT, WHICH IT CONSTRUES AS A MOTION FOR COMPASSIONATE RELEASE.

Santana also fleetingly invokes section 403 of the First Step Act of 2018 and contends that "[i]f sentenced today . . . the § 924(c) counts could not be stacked, thereby, eliminating the 25-year sentence imposed on the second § 924(c) offense." (ECF No. 144 at 9.) Santana is correct that, if sentenced today, the Court would not be bound by the former requirement of section 924(c) that defendants convicted of two or more section 924(c) offenses, even if those offenses were contained in a single prosecution, receive a 25-year mandatory minimum sentence on each "second or subsequent" conviction after the first, required to run consecutively—a process known as "sentence stacking." *See* First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 § 403(a).

---

[1] Count Four of Santana's superseding indictment charged him with violation of section 924(c)(1)(A) in relation to "the robbery charged in Count Two of this Indictment," (ECF No. 32 at 3), and Count Five charged him with violation of section 924(c)(1)(A) in relation to "the robbery charged in Count Three of this Indictment" (ECF No. 32 at 4). Separately, Count One of the superseding indictment charged Santana with conspiracy to commit Hobbs Act Robbery. (ECF No. 32 at 1.)

Specifically, prior to the First Step Act of 2018, section 924(c)(1)(C)(i) required a defendant to "be sentenced to a term of imprisonment of not less than 25 years" for each "second or subsequent conviction" under subsection 924(c)(1), even if those convictions occurred in the same prosecution. Santana was convicted on two counts of violating section 924(c)(1), resulting in a mandatory minimum term of imprisonment of 7 years under 924(c)(1)(A)(ii), and a mandatory term of imprisonment of 25 years under 924(c)(1)(C)(i) for his second conviction. In addition, section 924(c)(1)(D)(ii) prohibits terms of imprisonment imposed under subsection 924(c)(1) from running concurrently, resulting in Santana's 32-year term of imprisonment on those two counts.

Section 403 of the First Step Act amended section 924(c)(1)(C) "by striking 'second or subsequent conviction under [that] subsection' and inserting 'violation of this subsection that occurs *after a prior conviction under this subsection has become final*.'" First Step Act § 403(a) (emphasis added). If Santana had been sentenced after this amendment to section 924(c)(1)(C), the Court would not have been required to sentence him to a 25-year term of imprisonment for his second section 924(c) conviction. *See United States v. Ballard*, 552 F. Supp. 3d 461, 466 (S.D.N.Y. 2021); *United States v. Johnson*, No. 99-CR-1159, 2022 WL 356755, at *3 (S.D.N.Y. Feb. 7, 2022). However, the First Step Act's amendment to section 924(c) is "not retroactive to offenses that were final at time of the act's enactment." *Rodriguez v. United States*, No. 15-CR-445-2, 2020 WL 8768320, at *2 (S.D.N.Y. Aug. 18, 2020); *see also* First Step Act § 403(b). Because Santana's sentence was imposed on September 5, 2012, prior to the First Step Act amendment to section 924(c) which is not retroactive, Santana's 32-year sentence is lawful.

Notwithstanding that a sentence reduction pursuant to the First Step Act is unavailable to Santana because its relevant provision is not retroactive, courts have accorded relief to defendants seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), the "compassionate release" statute. *See, e.g., Ballard*, 552 F. Supp. 3d at 470–71; *United States v. Watts*, 2023 WL 35029, at *14 (E.D.N.Y. Jan. 4, 2023).

Section 3582(c)(1)(A) permits a court to reduce the sentence of a defendant who has exhausted his administrative remedies, if (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence; and (3) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Moreover, courts "have found that an overly long punishment imposed under the obsolete § 924(c) stacking provision constitute[s] an extraordinary and compelling reason for sentence reduction" when the other conditions of section 3582(c)(1)(A) are met. *United States v. Reid*, No. 05-CR-596(1), 2021 WL 837321, at *5 (E.D.N.Y. Mar. 5, 2021).

However, Santana's *pro se* motion, while now being construed by this Court as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), is devoid of facts that

6

would enable the court to evaluate whether he is entitled to a reduction in sentence. Santana has not provided any evidence of whether he has exhausted his administrative remedies; what extraordinary and compelling reasons exist and whether they warrant a sentence reduction; whether the section 3553(a) factors weigh in favor of reducing his sentence; and whether a sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Court hereby appoints Amanda Kramer as counsel to represent Santana on his compassionate release motion. Counsel shall submit papers on or before March 17, 2025; the government shall respond on or before April 14, 2025.

## V. CONCLUSION

For the reasons set forth above, Santana's section 2255 motion is a second or successive petition and is dismissed as meritless. The remainder of his submission—his argument with respect to section 403 of the First Step Act of 2018 and the amendment to section 924(c)—is construed as a motion for compassionate release and counsel is appointed to represent Santana on that motion.

The Clerk of Court is directed to mail a copy of this order to Raul Santana (# 63811-054), FCI Gilmer, Federal Correctional Institution, P.O. Box 6000, Glenville, WV 26351, noting service on the docket.

Dated: New York, New York
       January 21, 2025

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.