UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

RAUL SANTANA,

Defendants.

10-cr-684 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant Raul Santana has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), the "compassionate release" statute, on the basis of "extraordinary and compelling reasons." Santana submits that the First Step Act's elimination of the "stacking provision" constitutes "extraordinary and compelling reasons" because it reduces the mandatory minimum sentence that Santana would be subject to if he were sentenced today. (Dkt. No. 152.) For the reasons that follow, the Court grants Santana's motion.

Santana was convicted at trial in March 2011 of crimes related to two armed robberies in 2010. He was convicted of (a) one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One); (b) two counts of substantive Hobbs Act robbery, also in violation of 18 U.S.C. § 1951 (Counts Two and Three); and (c) two counts of using, carrying, or possessing a firearm that was brandished during and in relation to the Hobbs Act robberies in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(C)(i) (Counts Four and Five). *See United States v. Santana*, No. 10-cr-684, 2025 WL 253068 (S.D.N.Y. Jan. 21, 2025).

At the time, 18 U.S.C. § 924(c) imposed a mandatory 25-year minimum sentence for a "second or subsequent" conviction for use of a firearm in furtherance of a drug trafficking crime or violent crime, even if the second violation was charged concurrently with the first. Because of this "stacking provision," Santana was subject to a mandatory 32-year minimum sentence on Counts Four and Five.

At his sentencing, this Court determined that because Santana's crimes were crimes of violence and he had previously been convicted of at least two felonies—convictions for possession of, and attempting to sell, controlled substances, as well as two convictions for first degree robbery—he qualified for Career Offender status under section 4B1.1(a) of the Sentencing Guidelines, resulting in a Criminal History Category of VI. (*See* Sentencing Tr. at 6:9-11); U.S.S.G. § 4B1.1(b) (U.S. SENT'G COMM'N 2011).

Additionally, the Court determined Santana's Total Offense Level to be 37, leading to a Guidelines sentence range of 360 months to life imprisonment. (Sentencing Tr. at 6:9-11) The Probation Department recommended a sentence of 240 months concurrently on Counts One, Two, and Three, followed by the mandatory 7 years and 25 years on Counts Four and Five. (Presentence Investigation Report ("PSR") at 23.) On September 5, 2012, this Court sentenced Santana to 7-years' imprisonment on Count 4, 25-years' imprisonment on Court 5, to be served consecutively, and 1 day each on Counts One, Two, and Three, to be served concurrently. (Dkt. No. 88.) Santana was thus sentenced to 32 years and 1 day in total. He is currently set to be released from incarceration on June 13, 2038. At the sentencing, the Court described the sentence as "substantial" and "even to a certain degree, excessive." (Sentencing Tr. at 4:4-5.)

Santana's direct appeal from the judgment of conviction was denied on all counts by the United States Court of Appeals for the Second Circuit. *United States v. Santana*, 552 F. App'x 87 (2d Cir. 2014). He then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. While that motion was stayed pending resolution of a relevant case at the Second Circuit, Santana filed a motion before the Second Circuit for leave to file a second section 2255 motion. The Second Circuit transferred that motion to this Court, and soon after, Santana voluntarily withdrew the first section 2255 motion which also "fleetingly invoke[d] section 403 of the First Step Act of 2018." *Santana*, 2025 WL 253068, at *4.

In 2018, the First Step Act eliminated the stacking provision, meaning that the 25-year mandatory minimum for a "second or subsequent" conviction now only applies when the defendant has a prior conviction for use of a firearm that has already become final. *See* 502 Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). That means that were Santana sentenced today, he would be subject to a mandatory minimum of 14-years total, comprising seven years on Counts Four and Five.

This Court denied Santana's second or successive section 2255 motion but construed his reference to the First Step Act as a motion for compassionate release and appointed counsel to represent Santana on that motion. *Santana*, 10-cr-684, 2025 WL 253068, at *4-*5. That motion is now before the Court.

2

## I.   EXTRAORDINARY AND COMPELLING REASONS WARRANT A REDUCTION IN SANTANA'S SENTENCE

18 U.S.C. § 3582 permits the Court to modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction"; the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction; and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[1] "The defendant bears the burden of proving he is entitled to compassionate release." *United States v. Laford*, 11-cr-1032, 2024 WL 3778890, at *2 (S.D.N.Y. Aug. 12, 2024) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)).

Section 1B1.13(b) of the United States Sentencing Guidelines provides guidance on what constitutes extraordinary and compelling circumstances in a motion for compassionate release. *See* U.S.S.G. § 1B1.13(b). Among them,

> [i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration    of    the    defendant's    individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Santana has in fact served more than 10 years of his term of imprisonment, and the First Step Act constitutes a change in the law. Considering that section 924(c) imposed a mandatory minimum sentence of 32 years for Santana's crimes at the time he was sentenced and today would impose a mandatory minimum of 14 years for the same crimes and circumstances, the Court concludes that a "gross disparity" exists between the sentence Santana is serving and the sentence he would likely receive were he to be resentenced today. A gross disparity exists even though Santana would not likely be sentenced to the 14-year mandatory minimum sentence, but rather to a sentence that considers each of the factors set forth in 18 U.S.C. § 3553(a) to be considered in imposing a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph 2 of section 3553(a).

---

[1] Additionally, Santana must have exhausted his administrative remedies, which he has done. *See* 18 U.S.C. § 3582(c); (*see* Dkt. No. 153-5, Kramer Decl. Ex. E.)

Santana's current sentence is also unusually long. As the Court noted at sentencing, 32 years was "substantial," and "even to a certain degree excessive." (Sentencing Tr. at 4:4-5.) Thirty-two years is longer—by a factor of more three—than the Second Circuit average and median sentences from 2015-2024 for career offenders committing a robbery, which are 100 months, and 109 months respectively. *See Interactive Data Analyzer*, U.S. SENT'G COMM'N, http://ida.ussc.gov/analytics/saw.dll?Dashboard (select Sentencing Outcomes, Sentence Length; then filter Fiscal Year "2015-2024"; Geography, Circuit "2nd Circuit"; Crime Type "Robbery"; and Criminal History, Category "VI" and Career Offender Status "Career Offender Only": analyzing 143 cases) (last visited Jan. 12, 2026). The average and median sentences nationally are 164 months and 151 months, again materially less than Santana's sentence. *Id.* (remove Geography filter: analyzing 1,306 cases).

Having determined that a "gross disparity" exists between the sentence Santana is serving and the sentence he is likely to receive today, and that Santana's sentence is unusually long, the Court accordingly proceeds to determine whether extraordinary and compelling reasons exist, accounting for the change in law constituted by the First Step Act.

Santana has demonstrated significant rehabilitation and personal growth during his time in prison. Although "rehabilitation alone" does not constitute an "extraordinary and compelling reason" to reduce Santana's sentence, the Court may consider it when evaluating whether extraordinary and compelling reasons exist. *United States v. White*, No. 96-cr-1123, 2022 WL 18276933, at *2-*3 (S.D.N.Y. Dec. 8, 2022). Santana had not graduated from high school when he entered prison; his family's letters of support state that he was "practically illiterate" at that time. (*See* Dkt. No. 153 at Ex. G.) While incarcerated, he has earned his GED and taken several courses offered at FCI Gilmer and is "now only a few courses away from obtaining his associate's degree." (Dkt. Nos. 160 at 1, 152 at 11; *see* Dkt. No. 153-1.) He has participated in programming in anger management, emotional self-regulation, and cognitive health (Dkt. No. 153-2), and he has been employed in food service, automotive work, carpentry, welding, and specialized cleaning, (Dkt. No. 152 at 11). Santana has maintained contact with family members, three of whom wrote in support of his motion, expressing pride at his efforts to better himself in prison and committing themselves to help in adjust to life outside prison. (Dkt. Nos. 153-6 Ex. F, -7 Ex. G, -8 Ex. H.)

Although Santana's disciplinary record is not perfect, he has had no infractions since 2021 and no high-level offenses since 2018. A perfect disciplinary record is not required here. Rather, Santana's commendable record while incarcerated is one factor for the Court to weigh in determining whether, considering the sum of all the relevant and individualized circumstances, extraordinary and compelling reasons exist to

4

warrant reducing Santana's sentence. Santana has displayed good behavior, personal growth and a commitment to bettering himself, and possesses a support network of family members to assist him upon his release. *Cf. United States v. Vargas*, 502 F. Supp. 3d 820, 822-23 (S.D.N.Y. 2020) (granting a motion for compassionate release from a defendant who had "turned himself into a model inmate" after initially incurring several disciplinary infractions).

The preceding circumstances, considered both separately and holistically, constitute extraordinary and compelling circumstances that warrant a reduction in Santana's sentence.

## II. THE SECTION 3553(a) FACTORS SUPPORT A REDUCTION IN SANTANA'S SENTENCE

The Court has considered each of the factors set forth in 18 U.S.C. § 3553(a), which require the Court to consider, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendants," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." "[T]he weight to be afforded any § 3553(a) factor 'is a matter firmly committed to the discretion of the sentencing judge." *United States v. Davis*, 82 F.4th 190, 203 (2d Cir. 2023) (quoting *United States v. Bleau*, 930 F.3d 35 (2d Cir. 2019) (per curiam) (citation omitted). In reviewing a section 3582(a) motion, the section 3553(a) factors incorporate more information than they do in an initial sentencing since post-sentencing rehabilitation is a relevant factor. *See Pepper v. United States*, 562 U.S. 476, 491 (2011).

Santana's crimes were indisputably serious. He participated in five robberies, impersonated a police officer with a fake badge, tied up his victims, and threatened them with firearms, even threatening to cut off one victim's genitals. (*See* PSR at 4-5). He stole narcotics and cash.

Notwithstanding the gravity of these offenses, the elimination of the stacking provision reflected in the First Step Act indicates that Congress intended to ameliorate the overly harsh sentences that could result from stacking the mandatory minimum sentence previously required. *See United States v. Haynes*, 456 F. Supp. 3d 496, 502 (E.D.N.Y. 2020) ("the clear message to an individual in [a 924(c)-stacked defendant's] situation is that *Congress never intended that the brutal sentence he is serving be imposed*."). As such, the sentence Santana is currently serving is greater than necessary to reflect the seriousness of his offenses and adequately deter criminal conduct. Moreover, Santana has demonstrated that his risk of recidivism is low as he has significantly rehabilitated himself and grown as a person. (*See* Dkt. No. 153 at Ex. C, stating that his FSA Recidivism Risk Assessment is "low.") He is also now 55 years old, an age with low recidivism rates. He has kept in touch with family, pursued his education, and

productively contributed to the community at Gilmer. Indeed, staff members at FCI Gilmer have written in support of Santana's motion, indicating his good behavior and success at learning various trades. (*See* Dkt. No. 160 at Ex. J.)

In sum, having considered each of the set factors forth in 18 U.S.C. § 3553(a), the Court determines that they support a reduction in Santana's sentence.

### III. THE SENTENCING COMMISSION DID NOT OVERSTEP ITS AUTHORITY IN PROMULGATING THE SECTION 1B1.13(b)(6) POLICY STATEMENT

The government contends that the U.S. Sentencing Commission exceeded its statutory authority in promulgating Section 1B1.13(b)(6) because a non-retroactive change in the law—such as Section 403 of the First Step Act which eliminated stacking in Section 924(c) convictions—is not an extraordinary and compelling reason for a sentence reduction. (Dkt. No. 156 at 8.) Although several circuit courts of appeals have agreed with this argument, *see e.g.*, *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025), this Court concludes otherwise, *see United States v. Pierce*, 2024 WL 2219739, at *9 (S.D.N.Y. May 15, 2024) (collecting district court cases rejecting similar arguments by the government.)

Congress established the Sentencing Commission to "establish sentencing policies and practices for the Federal criminal justice system" and "provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct." 28 U.S.C. § 991(b) & (b)(1)(B). The constituting statute "encourages guidance on a sentencing reduction for 'extraordinary and compelling reasons,' which, itself, is a broad standard" and is not restricted to changes in the law made retroactive. *See Pierce*, 2024 WL 2219739, at *9 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Nothing in the text of section 991 "prohibits the Commission from considering nonretroactive changes in the law as extraordinary and compelling reasons for a sentence reduction." *United States v. Capps*, No. 11-cr-00108, 2024 WL 880554, at *7 (E.D. Mo. Jan. 31, 2024), *appeal dismissed*, No. 24-1688, 2024 WL 4481497 (8th Cir. Apr. 10, 2024). Additionally, section 1B1.13(b)(6) is more limited than the government suggests. It guides a court to "consider[]" "a change in the law" when "determining whether the defendant presents an extraordinary and compelling reason": it does not require courts to treat a non-retroactive change in the law as itself extraordinary and compelling circumstances.

### IV. CONCLUSIONS

For the foregoing reasons, defendant Raul Santana has presented extraordinary and compelling circumstances, and his motion for a reduction of sentence pursuant to 18

U.S.C. § 3582(c) is granted. His sentence is modified to 20 years' incarceration plus two years' supervised release on each count to run concurrently and to be served with the standard, mandatory, and special conditions as originally imposed.

Dated:  New York, New York
         January 13, 2026

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

7